NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ADAH CHALLENGER, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-5263 (SRC) |
| EXPERIAN INFORMATION SOLUTIONS, INC., et al. | : **OPINION & ORDER DISMISSING COUNT I WITHOUT PREJUDICE** |
| Defendants. | : |

**CHESLER, District Judge**

**THIS MATTER** comes before the Court on a motion by Citibank (South Dakota), N.A. ("Citibank")[1] to dismiss Count I of the complaint by Plaintiff Adah Challenger ("Challenger") [docket # 17]. Challenger has filed a brief in opposition to the motion [docket #24]. Count I alleges that Citibank violated the Fair Debt Collection Practices Act ("FDCPA") by reporting inaccurate information to credit reporting agencies after receiving notice that Challenger's debts had been discharged in bankruptcy.

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc.,

---

[1] Challenger identified Citibank in her complaint as "Citibank SDNA/Shell" although Citibank notes in its brief that it is correctly identified as "Citibank (South Dakota), N.A."

v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998).  In evaluating a Rule 12(b)(6) motion, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Zynn v. O'Donnell, 688 F.2d 940, 941 (3d Cir. 1982).

      Citibank argues that Challenger's complaint fails to state a cause of action because it does not allege that Citibank is a debt collector under the terms of the FDCPA.  Both Citibank and Challenger agree that debt collectors, but not creditors, are subject to the FDCPA.  See Piper v. Portnoff Law Assocs., 396 F.3d 227, 232 (3d Cir. 2005) ("The FDCPA provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors."); Pollice v. National Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000) ("The FDCPA's provisions generally apply only to 'debt collectors. . . . Creditors--as opposed to 'debt collectors'--generally are not subject to the FDCPA.").  The only question before the Court is whether Challenger's complaint alleges that Citibank attempted to collect a debt "owed or due or asserted to be owed or due another" and is therefore considered a "debt collector" under the FDCPA.  15 U.S.C. § 1692a(6).

Challenger advances two arguments that it does. The first is that her complaint states in paragraphs 5 and 21 that Citibank is a "'debt collector[]' as defined by the FDCPA." This is, however, no more than a legal conclusion. Although a court "must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom," Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), it "need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss." Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).

Challenger's second argument stems from her interpretation of paragraph 22 of the complaint, which states that "After Plaintiff's Bankruptcy discharge was received Citibank [and the other Defendants] . . . continued to place their discharged debts in collections and attempted to collect these discharged debts in violation of the FDCPA . . . ."

The FDCPA defines a "debt collector" as "any person who . . . regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another" or "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). By contrast, a "creditor" under the FDCPA is "any person who offers or extends credit creating a debt or to whom a debt is owed . . . [unless] he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4).

Challenger appears to argue that if Citibank was not the original creditor but acquired the debt from another creditor then "they would then be collecting 'their' [Citibank's] debt." This argument assumes several facts that are not alleged in the complaint. First, it assumes that

Case 2:06-cv-05263-SRC-CCC   Document 42   Filed 03/22/07   Page 4 of 5 PageID: 385

Citibank received the debt from a prior creditor.  Next, it assumes that the debt was already in default when Citibank received it.  Finally, it assumes that Citibank received the debt for the purposes of collecting for a third party.  Unless all of these conditions were met, Citibank did not become a debt collection under the FDCPA.  See Pollice, 225 F.3d at 403 ("[A]n assignee of an obligation is not a 'debt collector' if the obligation is not in default at the time of the assignment.").  In other words, it is not enough to for Challenger to interpret paragraph 22 to say that Citibank was not the original creditor because the FDCPA does not consider all persons attempting to collect a debt other than an original creditor to be a debt collectors.

Further, as other courts have noted, Citibank may place "their . . . debts in collections," as Challenger's complaint alleges, without becoming a debt collector.  See, e.g., Kloth v. Citibank (S.D.), N.A., 33 F. Supp. 2d 115, 119 (D. Conn. 1998) ("Citibank is not a 'debt collector' under the FDCPA merely because it retains a collection agency to collect its debts.  Nowhere in the Amended Complaint is it alleged that Citibank used 'any name other than its own which would indicate that a third person is collecting or attempting to collect such debts.'").

4

In conclusion, Challenger's complaint fails to state a cause of action against Citibank because it does not allege that Citibank is a "debt collector" under the specific definition provided by the FDCPA.

**THEREFORE, IT IS** on this 22nd day of March, 2007, for the reasons set forth above, and for good cause shown,

**ORDERED** that Citibank's motion to dismiss Count I of Challenger's complaint [docket # 17] is **GRANTED**; and it is further

**ORDERED** that the Count I of Challenger's complaint is **DISMISSED WITHOUT PREJUDICE** as to defendant Citibank only, for failing to state a cause of action against Citibank.

    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J